OLSON, Respondent, v. KIRK et al., Appellants.

(153 N. W. 893.)

(File No. 3670. Opinion filed July 24, 1915. Rehearing pending.)

1. **Public Lands—Federal Domain—Homestead Patent Versus Placer Claimant in Possession—Action for Possession Under Patent—Res Judicata—Jurisdiction of Federal Land Department—Quasi Judicial Tribunal—Secretary of Interior—Conclusiveness of Decision re Patent—Collateral Attack—Segregation of Land—Notice in Re Placer Contest, Want of—Bona Fide Purchaser—Non-litigable Issues.**

In an action brought in the circuit court, Custer county, by a grantee of a patentee from the United States under the federal homestead law, pursuant to a homestead entry made in 1902, against placer mining claimants whose entry had been canceled by the Commissioner of the General Land Office pursuant to a decision of the Secretary of the Interior, but who are and have been in possession of the tract of about 19 acres embraced in their claim, and embraced in the patented land, ever since location of their claim in 1894, to the exclusion of plaintiff and his grantor, and claiming under their location, entry, and the receiver's receipt for purchase price of the placer claim, **held,** that the decision of the Secretary of the Interior, on appeal from the General Land Office, that the placer entry on government land was invalid, in so far as it conflicted with the homestead entry, because the land was non-mineral in character, and directing issuance of a patent to the homestead claimant, is a decision of a special tribunal vested with judicial power to hear and determine claims of all parties to public lands which it is authorized to dispose of, and with power to execute its judgment by conveyances to parties entitled thereto; that a patent to land within its jurisdiction, issued by the Federal Land Department, is the judgment of that tribunal, and constitutes a conveyance of the legal title in execution of the judgment; that when such patent to land within such jurisdiction is issued, it is, like judgments of other judicial tribunals, impervious to collateral attack; that the test of the jurisdiction of any other tribunal in which such rights are sought to be litigated is the true answer to the question: Had the Land Department such power to hear and determine, and to dispose of applicants' claims in accordance with its decision? That if that question is answerable in the affirmative, the Land Department had jurisdiction, and the

patent evidencing its decision conveys a legal title impervious
to collateral attack; that if it must be answered in the negative,
then its conveyance is void and as vulnerable to collateral attack
at law as to a direct proceeding in equity to avoid it; that land
which the Department is vested with power and charged with
duty to hear and decide the claims of applicants for, and to dis-
pose of in accordance with its decision, is within its jurisdiction,
and the patent conveys legal title impervious to collateral at-
tack, in absence of fraud, imposition, or mistake, whether its
decision is right or wrong; that the decisions of the federal Land
Department are judicial acts, and the patents it issues are judg-
ments of a quasi judicial tribunal; that in cases within its juris-
diction, those judgments are presumptively right, and as imper-
vious to collateral attack for errors of law, or for mistakes of
fact, as the judgments of the courts, and all cases are within
the jurisdiction of that Department in which Congress has in-
trusted to it the determination of the rights of claimants, and
the disposition of land in accordance therewith; that, in the
present case, the title to the 19-acre tract not having passed
from the United States, the Land Department was clearly in-
trusted with the decision of the relative rights of the parties,
and its decision may not be inquired into in this action; that,
whatever may be the merits of defendants' contentions concern-
ing the land in question having been segregated from the pub-
lic domain by reason of location and entry of the placer claim
at time of the homestead entry, or that one placer claimant
had no notice of proceedings culminating in cancellation of the
placer claim and authorization of the homestead patent, or that
plaintiff was not a bona fide purchaser, had such claims been
made before homestead patent issued, or if made upon direct
attack upon the patent, they cannot be successfully maintained
in this action, because of issuance of homestead patent.

Whiting, J., concurring in the result.

2. **Public Lands—Federal Domain—Homestead Patent Versus Placer Claim—Collateral Attack—Conclusiveness of Federal Land Department Decision—Rights in Equity by Direct Attack of Land Patent—Fraud or Mistake.**

The remedy for an error of law in the action of the Land
Department of the United States, regarding the title to land
intrusted to its disposition, is by a direct proceeding by bill
in equity to correct it; and the aggrieved party has a like
remedy for wrongful issue of a patent upon a misapprehension
of the facts, which is induced by gross fraud or gross mistake.

Appeal from Circuit Court, Custer County. Hon. LEVI
McGEE, Judge.

Action by Hans Olson against Frank L. Kirk and others, for

possession of land patented to plaintiff's grantor under the federal homestead laws; defendants claiming under a canceled placer mining claim and possession thereunder. From a judgment for plaintiff, and from an order denying a new trial, defendants appeal. Affirmed.

*Ed. L. Grantham,* and *C. C. Croal,* for Appellants.

*Wilson & Wilson,* for Respondents.

(1) Under point one of the opinion, Appellants submitted that: Location and entry of placer claim segregated the conflicting area from the public domain, and same was not open to homesteading; and cited: Noyes v. Mantle, 127 U. S. 348, Gwillim v. Dennellan, 115 U. S. 45; Ard v. Brandon and Ard v. Pratt, 156 U. S. 537; Shepley v. Cowan, 91 U. S. 330; Frisbie v. Whitney, 9 Wall. 187; Yosemite Valley case, 15 Wall. 77; King v. Great Northern Railway Company, (Idaho) 119 Pac. 708; Parsons v. Venzke, 164 U. S. 892; Withrspoon v. Duncan, 4 Wall. 210; Kansas Pacific Railway Company v. Dunmeyer, 113 U. S. 629. That the order cancelling that portion of the Kirk placer in conflict is void. That the cancellation of the Kirk placer entry would not restore the land to the public domain. Clipper Mining Company v. Eli Mining & Land Company, 194 U. S. 220. That the validity of the Kirk placer had been finally determined; citing Howe v. Parker, 190 Fed. Rep. 757.

Respondent submitted that: A United States patent is not subject to collateral attack. The decisions of the United States land department are conclusive on all questions of fact; and cited: Forbes v. Driscoll, 4 Dak. 336, and cases cited; Board of Education of the City of Deadwood v. Mansfield, 17 S. D. 72-82; Redwater Land and Canal Co. v. Reed et al., 26 S. D. 466-481; King v. McAndrews, 111 Fed. 860 (C. C. A.) ; Sanford v. King, 19 S. D. 334-340; Gibson v. Choteau, 80 U. S. (13 Wall.) 92; St. Louis Smelting & Refining Co. v. Kemp, 104 U. S. 636; Carr v. Fife, 156 U. S. 494.

(2) Under point two of the opinion, Appellants submitted that: Under the patent, the court may decree plaintiff to hold the title in trust for defendants. Ard v. Brandon, 156 U. S. 537; Howe v. Parker, 190 Fed., p. 746, and cases cited.

GATES, J. In the N. ½ of the N. W. ¼ of section 8, township 4 S., range 4 E. B. H. M., is a tract of land described

by metes and bounds, containing 19 and a fraction acres, comprising a portion of the Kirk placer claim. The entire 80-acre tract is covered, with other land, by a government patent, to one Bostrom, issued May 25, 1911, under Bostrom's homestead entry. The plaintiff is Bostrom's grantee. The defendants are the owners of the Kirk placer claim. The defendants have been in possession, to the exclusion of the plaintiff and his grantor, since 1894, of the 19-acre tract. Plaintiff relies upon the patent and demands possession. Defendants rely upon the location, entry, and the receiver's receipt for the purchase of the Kirk placer claim. This claim was located in 1894. In February, 1902, the Kirks made final proof and made full payment for their placer claim and obtained a receiver's receipt. In July, 1902, Bostrom made homestead entry upon this 80-acre tract and other lands. The rights of the parties have been the subject of consideration by the local land office, by the Commissioner of the General Land Office, and by the Secretary of the Interior a number of times. A review of these proceedings would not be helpful to a determination of this case. Suffice it to say that in June, 1907, the Honorable Secretary of the Interior made a determination which is, in part, as follows:

"The homestead entry was wrongfully allowed, as to the conflict with the prior placer entry; but inasmuch as it has been shown that the land in the 40-acre subdivision, in which the conflict exists, is not mineral in character, the placer entry will be canceled to the extent of the conflict, and the homestead entry may be permitted to stand with respect thereto, so far as the government is concerned, provided no intervening rights have attached."

Pursuant thereto a segregation survey of the Kirk placer claim was made, and, under date of March 24, 1910, the Commissioner of the General Land Office made an order canceling the Kirk placer claim to the extent of its conflict with the Bostrom homestead entry. On May 25, 1911, patent was issued to Bostrom. The case was tried before the court without a jury and resulted in findings, conclusions, and judgment favorable to plaintiff. From the judgment and order denying a new trial, defendants have appealed.

[1, 2] It is claimed that, at the time of the homestead entry, the

land in question was segregated from the public domain by reason of the location and entry of the Kirk placer claim; that one of the placer claimants, Elisha S. Kirk, never had notice of the proceedings by which the placer claim was canceled and the patent authorized; and that the plaintiff is not a purchaser in good faith, he having been a witness in the proceedings before the local land office and having had knowledge that defendants claimed the 19-acre tract and that Bostrom never had been in possession thereof. Whatever may be the merits of these contentions, if made before the patent to the homestead had been issued, or if made in a direct attack upon the patent, it is clear to us that they cannot be successfully maintained in this action because of the issuance of the patent for the homestead. The principles involved were so carefully investigated and the authorities considered in King v. McAndrews, 50 C. C. A. 29, 111 Fed. 860, that we adopt the following language of the opinion in that case as the reasons for our conclusions, viz.:

"The Land Department of the United States, including in that term the Secretary of the Interior, the Commissioner of the General Land Office, and their subordinate officers, constitutes a special tribunal, vested with judicial power to hear and determine the claims of all parties to the public lands which it is authorized to dispose of, and with power to execute its judgments by conveyances to the parties entitled to them. 9 Stat. 359, c. 108, § 3 (Rev. St. § 441 [U. S. Comp. St. 1913, § 681]); 5 Stat. 107, c. 352, § 1 (Rev. St. § 453 [U. S. Comp. St. 1913, § 699]). A patent of land within its jurisdiction, issued by the Land Department, is the judgment of that tribunal, and a conveyance of the legal title to the land to the patentee in execution of the judgment. When such a patent to land within the jurisdiction of the department is issued, it is, like the judgments of other judicial tribunals, impervious to collateral attack. The test of the jurisdiction of this tribunal is the true answer to the question: Had the department the power to hear and determine the claims of the applicants of the land and to dispose of it in accordance with its decision? If that question can be answered in the affirmative, the Land Department had jurisdiction of the case, and the patent which evidences its decision conveys the legal title, and is impervious to collateral attack. If it must be answered in the

negative, then its conveyance is void, and is as vulnerable in a collateral action at law as in a direct proceeding in equity to avoid it. Land the title to which has passed from the United States before the claim on which the patent is based was initiated, land reserved from sale and disposition for military or other like purposes, land reserved by a claim under a Mexican or Spanish grant sub judice, and land for the disposition of which Congress has made no provision, is not intrusted to the disposition of the Land Department, is not within its jurisdiction, and hence its patents for such land are void on their face, and may be collaterally attacked in an action at law [citing cases]. But land which the department is vested with the power and charged with the duty to hear and decide the claims of applicants for, and to dispose of in accordance with its decision, is within its jurisdiction, and its patent of such land conveys the legal title to it, and is impervious to collateral attack, whether its decision is right or wrong [citing cases]. In the the case last cited [Barden v. Railroad Co., 154 U. S. 288, 327, 14 Sup. Ct. 1030, 1038 (38 L. Ed. 992)] the Supreme Court said: 'It is the established doctrine, expressed in numerous decisions of this court, that wherever Congress has provided for the disposition of any portion of the public lands, of a particular character, and authorizes the officers of the Land Department to issue a patent for such land upon ascertainment of certain facts, that department has jurisdiction to inquire into and determine as to the existence of such facts, and, in the absence of fraud, imposition, or mistake, its determination is conclusive against collateral attack.' The test of jurisdiction is not right decision, but the right to enter upon the inquiry and to make some decision. Foltz v. Railroad Co., 60 Fed. 316, 318, 8 C. C. A. 635, 637, 19 U. S. App. 576, 581; U. S. v. Winona & St. P. R. Co., 67 Fed. 959, 15 C. C. A. 107, 32 U. S. App. 289. Hence a patent evidencing an erroneous decision of a question of law or a mistaken determination of an issue of fact, which the department was vested with the power, and charged with the duty, to decide, is as impervious to collateral attack as one which is the result of correct conclusions. The remedy for an error of law in the action of the department regarding the title to land intrusted to its disposition is by a direct proceeding by a bill in

equity to correct it [citing cases]. The aggrieved party has a like remedy for the wrongful issue of a patent upon a misapprehension of the facts, which is induced by fraud or gross mistake [citing cases]. These established principles have been restated and these authorities have been again cited because they control the disposition of the case in hand, and because counsel for the defendants seem to be impressed with the view that every decision by the Land Department of the many grave and complicated issues which condition the rightful issue of a patent is a mere ministerial act, open to collateral attack for every error of law into which the officers of that department may fall, in every action at law in which the title under the patent is involved. [King v. McAndrews (C. C.)] 104 Fed. 432. Such is not the law. The decisions of that department are judicial acts. The patents it issues are judgments of a quasi judicial tribunal. In cases within its jurisdiction, they are presumptively right, and as impervious to collateral attack for errors of law or for mistakes of fact as the judgments of the courts, and all cases are within the jurisdiction of this department in which Congress has intrusted to it the determination of the rights of the claimants, and the disposition of the land in accordance with its decision. The real question in this case, therefore, is: Was the determination of the rights of the claimants to the land here in controversy, and the issue of a patent to it in consonance with that decision, intrusted to this department? The contention of the counsel for the defendants is that it was not, because the land was within the limits of an incorporated city when it was first entered as a homestead by the patentee."

In the present case, the title to the 19-acre tract had not passed from the United States. The Land Dpartment was clearly intrusted with the decision of the relative rights of the parties, and its decision may not be inquired into in this action.

The judgment and order denying a new trial are affirmed.

WHITING, J. I concur in result.